IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ST. PAUL GUARDIAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 05 C 0997 |
| v. | ) ) | |
| BAIRD & WARNER HOLDING CO., BAIRD & WARNER RESIDENTIAL SALES, INC., BAIRD & WARNER REAL ESTATE, DR. VALERIAN KRAVTSOV and MARLO ENTERPRISES, INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff St. Paul Guardian Insurance Company ("St. Paul") seeks a declaratory judgment regarding its duty to indemnify its insured, Baird & Warner Holding Company ("Baird Holding"), Baird & Warner Residential Sales, Inc. ("Baird Sales"), and Baird & Warner Real Estate ("Baird Real Estate"), and to defend these parties against Dr. Valerian Kravstov ("Kravstov") and Marlo Enterprises, Inc. ("Marlo Enterprises") in state court actions. Before the Court are Defendants' motions to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the Court grants Defendants' motions to dismiss for lack of subject matter jurisdiction.

**LEGAL STANDARD**

In analyzing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court may look beyond the pleadings. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th

Cir. 1999). The Court must "presume that federal courts lack jurisdiction 'unless the contrary appears affirmatively from the record.'" *Id.* (quoting *Renne v. Geary,* 501 U.S. 312, 316, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991)). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion. *United Phosphorus Ltd. v. Angus Chem. Co.,* 322 F.3d at 945-46 (7th Cir. 2003).

## BACKGROUND

St. Paul is a Minnesota company with its principal place of business in St. Paul, Minnesota. (R. 1-1; Pl. Compl. for Declaratory Relief, ¶ 1.) St. Paul issued insurance policy number CK01206257 (the "Policy") to Defendant Baird Holding, an Illinois corporation with its principal place of business in Illinois. (*Id.* ¶ 2.) The Policy defined Baird Holding's real estate managers as "protected persons" for their management of premises that the holding company rents, leases, borrows from others, or owns. (*Id.*) Defendants Baird Sales and Baird Real Estate, both Illinois corporations, have claimed coverage under the Policy that St. Paul issued to Baird Holding. (*Id.* ¶¶ 3, 4.) The Policy provides, in part:

> **Bodily Injury and property damage liability.** We'll pay amounts any protected person is legally required to pay as damage for covered bodily injury or "property damage" that:
>
> - happens while this agreement is in effect;
> - and is caused by an "event."
>
> **"Advertising injury" liability**. We'll pay amounts any protected person is legally required to pay as damages for covered advertising injury that:
>
> - results from the advertising of your products work, or completed work; and
> - is caused by an "advertising injury offense" committed while this agreement is in effect.

2

(*Id.* ¶¶ 17,19.) Further, the Policy excludes coverage for "advertising injury" that results from the deliberate violation of a criminal statute by a protected party or from the insured consenting to violation of a criminal statute by a third party. (*Id.* ¶ 21.)

Defendant Marlo Enterprises is an Illinois corporation with its principal place of business in Buffalo Grove, Illinois. (*Id.* ¶ 6, Ex. A.) On December 7, 2004, Marlo Enterprises filed a class action complaint against Baird Real Estate in the Circuit Court of Cook County under the caption *Marlo Enterprises, Inc. v. Baird & Warner Real Estate, Inc. and John Does 1-10*, Case No. 04CH20238. (*Id.* at Ex. A.) Marlo Enterprises alleges that on September 23, 2004, Baird Real Estate transmitted by facsimile an unsolicited advertisement to Marlo Enterprises in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (*Id.*) The state court complaint seeks $500 in statutory damages for each unsolicited facsimile that Baird Real Estate sent to a class member, the costs of the action, and an injunction prohibiting Baird from further violating the TCPA. (*Id.*)

Defendant Kravstov is an Illinois resident who maintains an office in Chicago, Illinois. (*Id.* ¶ 5.) On December 10, 2004, Kravstov filed a class action complaint against Baird Sales in the Circuit Court of Cook County under the caption *Dr. Valerian Kravstov v. Baird & Warner Residential Sales, Inc. ("Baird Sales") & John Does 1-10*, Case No. 04CH20642. (*Id.* at Ex. B.) Kravstov alleges that on July 8, 2004, Baird Sales transmitted by facsimile an unsolicited advertisement to Kravstov violating the TCPA. (*Id.*) The complaint seeks unspecified actual and statutory damages for each unsolicited facsimile that Baird Sales sent to a class member, the costs of the action, an injunction prohibiting Baird Sales from further violating the TCPA, and any relief that the court deems just and proper. (*Id.*)

In the instant federal action, St. Paul seeks a declaratory judgment adjudicating its rights and liabilities with respect to the Policy, including its duty to indemnify and to defend Baird Sales and Baird Real Estate in the underlying lawsuits. (*Id.* ¶ 1.) St. Paul premises its federal jurisdiction solely on diversity of citizenship.

**ANALYSIS**

Section 1332(a) of Title 28 confers federal diversity jurisdiction on civil actions where there is complete diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000. The parties do not contest that they are of diverse citizenship. Defendants, however, contend that Plaintiff has not met the threshold amount in controversy because the Court cannot consider St. Paul's potential obligation to indemnify Baird Holding until the state court has determined the underlying liability. On the other hand, St. Paul argues that the amount in controversy is the value to Plaintiff of the object of litigation, and therefore, any possible pecuniary value for which it may have to indemnify Baird Holding is part of the amount in controversy calculation.

    **A.**    **Article III Case or Controversy**

Under Article III of the United States Constitution, the judicial power of the United States extends only to actual cases and controversies. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). One element of a case or controversy is satisfying the ripeness doctrine, which is essentially a question of timing. *Sprint Spectrum L.P. v. City of Carmel*, 361 F.3d 998, 1002 (7th Cir. 2004).

In the context of an insurer's duty to indemnify, the Seventh Circuit has repeatedly held that decisions concerning indemnity should be postponed until the underlying liability has been

4

established. *See Lear Corp. v. Johnson Elec. Holdings Ltd.,* 353 F.3d 580, 583 (7th Cir. 2003) (determining duty to indemnify before underlying liability "has an advisory quality"); *Nationwide Ins. Co. v. Zavalis,* 52 F.3d 689, 693 (7th Cir. 1995) ("duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit"); *Grinnell Mut. Reinsurance Co. v. Reinke,* 43 F.3d 1152, 1154 (7th Cir. 1995) ("duty to indemnify is unripe until the insured has been held liable"); *Travelers Ins. Cos. v. Penda Corp.,* 974 F.2d 823, 833 (7th Cir. 1992) (determination of whether defendant has duty to indemnify not ripe until underlying litigation terminated).

In determining the amount in controversy in actions where an insurer seeks a declaration of its duty to indemnify, other courts in this district have concluded that it is premature to include indemnification values as part of the amount in controversy when the liability in the underlying lawsuit has yet to be determined. *See St. Paul Mercury Ins. Co. v. Commercial Prop. Assocs., Inc.,* No. 04 C 3534, 2005 WL 1126883 (N.D. Ill. May 10, 2005); *American Econ. Ins. Co., v. Wholesale Life Ins. Brokerage, Inc.*, No. 03 C 9159, 2004 U.S. Dist. LEXIS 18519 (N.D. Ill. Sept. 13, 2004); *American Econ. Ins. Co., Inc. v. T.J. Copy Prods., Inc.*, No. 04 C 0107, 2004 WL 842510 (N.D. Ill. Apr. 20, 2004); *Ohio Cas. Ins. Co. v. Lower Forty Gardens, Inc.*, No. 03 C 4726, 2003 WL 22849142 (N.D. Ill. Dec. 1, 2003). In other words, a claim seeking indemnification rights is not ripe for adjudication until the insurer is first found liable in the underlying lawsuit. *See Solo Cup Co. v. Federal Ins. Co.,* 619 F.2d 1178, 1189 (7th Cir. 1980).

Nevertheless, St. Paul relies on a Seventh Circuit opinion in support of its contention that the Court can determine the potential indemnity amount in absence of a liability determination. *See Grinnell Mut. Reinsurance Co. v. Shierk,* 121 F.3d 1114 (7th Cir. 1997). In *Shierk,* after the

state court entered summary judgment against the defendant on the issue of liability – the jury was to determine the issue of damages later in the proceedings – plaintiff insurer sought declaratory relief in federal court regarding its duty to indemnify. *Id*. at 1115. The *Shierk* defendants argued that the insurer did not satisfy the amount in controversy requirement because the injured party's actual damages award, which was determined after the plaintiff filed the declaratory judgment action in federal court, was less than the required amount in controversy. *Id.* at 1116. Based on these circumstances, the Seventh Circuit concluded that the plaintiff satisfied the amount in controversy requirement because the court in the underlying action found the insured liable and also found that the potential damages exceeded $100,000 at the time the declaratory judgment lawsuit was filed. *See id.* at 1116 (requirements for diversity jurisdiction must be satisfied only at time lawsuit filed). As such, the *Shierk* decision does not support St. Paul's argument that the Court can assess the potential damages, because, here, the state court has yet to make a liability determination in the actions against Baird Sales and Baird Real Estate. Therefore, St. Paul's argument based on *Shierk* fails.

Finally, St. Paul contends that when a plaintiff seeks declaratory relief, the amount in controversy is the value of the object of the litigation from the plaintiff's perspective. *See America's MoneyLine, Inc. v. Coleman,* 360 F.3d 782, 786 (7th Cir. 2004) (citing *Hunt v. Washington Apple Advertising Comm'n,* 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)). This rule, however, is only applicable if the Court is attempting to value an actual case or controversy. *See Solo Cup Co.*, 619 F.2d at 1189 (7th Cir. 1980) (Declaratory Judgment Act provides for a remedy only in cases of actual controversy). As discussed, because the state court actions against Baird Sales and Baird Real Estate are still pending, St. Paul's request for

6

declaratory relief concerning its duty to indemnify is not ripe for consideration, and thus no case or controversy exists.[1]

B. **Duty to Defend Baird Holding**

Unlike the duty to indemnify, St. Paul's obligation to defend Baird Holding in the underlying state court claim is ripe, and thus the Court can consider St. Paul's costs of defending Baird Holding when determining the amount in controversy. *See Shierk*, 121 F.3d 1116, n.2. When a party challenges the amount in controversy, the plaintiff must provide "competent proof" of the amount. *See Middle Tenn. News Co. v. Charnel of Cincinnati, Inc.,* 250 F.3d 1077, 1081 (7th Cir. 2001). The Seventh Circuit interprets "competent proof" to mean "proof to a reasonable probability that jurisdiction exists." *Rexford Rand Corp. v. Ancel,* 58 F.3d 1215, 1218 (7th Cir. 1995) (citation omitted).

Here, St. Paul submits the affidavit of James C. Zacharski, a senior attorney in technology claims at St. Paul. (R. 27-1, Pl.'s Response Br. Ex. A at 2.) In his affidavit, Zacharski avers that he is familiar with several cases involving claims that violated the TCPA in which St. Paul had insured the defendants. (*Id.*) Zacharski asserts that the fees and costs incurred in defending any given TCPA class action could reasonably be expected to, and "in fact were almost certain to exceed $75,000." (*Id.*) Zacharski, however, never expressly states that the defense costs in this particular case are likely to exceed $75,000. For example, St. Paul does not submit any evidence related to the amount already spent preparing for the state court actions, the number of attorneys working on the matters, or the attorneys' billing rates. Instead, St. Paul

---

[1] Because the Court cannot include the costs of indemnification in the amount in controversy, the Court need not address St. Paul's argument that the aggregated damages of the individual members of the putative class satisfy the amount in controversy.

makes vague, unsubstantiated claims that its defense costs will "exceed $75,000 for each action let alone both actions considered together." (R. 27-1, Pl.'s Response Br. at 15.)

Because St. Paul has not provided any substantial or particular evidence that the underlying claims will exceed $75,000 in defense costs, it has not provided competent proof that it satisfies the jurisdictional requirements under 28 U.S.C. § 1332(a). *See Middle Tenn. News Co.,* 250 F.3d at 1081. Therefore, St. Paul has failed in its burden of establishing subject matter jurisdiction.

## CONCLUSION

For these reasons, the Court grants Defendants' motions to dismiss for lack of subject matter jurisdiction.

Dated: June 30, 2005

                              **ENTERED**

                              **AMY J. ST. EVE**
                              **United States District Court Judge**